UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LATICIA W. LEWIS**                                                                              **CIVIL ACTION**

**VERSUS**                                                                                        **NO. 19-9665**

**JUDGE THOMAS R. DUPLANTIER**                                                                    **SECTION "F" (3)**

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Laticia W. Lewis filed the above-captioned matter in this District Court against Judge Thomas R. Duplantier of the 15th Judicial District Court in Lafayette, Louisiana. Lewis alleges that Judge Duplantier did not provide her with a fair trial in a legal dispute involving her children.

On May 2, 2019, this Court ordered Lewis to show cause why her claims should not be summarily dismissed for failure to state an actionable claim in this federal court. [Doc. #3]. Lewis has complied with that order and filed a response. [Doc. #4].

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
> (B) the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). In plain language, Section 1915 requires dismissal if the Court is satisfied that the case fails to state a claim on which relief may be granted.[1]

---

[1] *See Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (noting that a claim is "frivolous" where it lacks an arguable basis either in law or in fact).

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. §1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2]

With regard to Judge Duplantier, the only defendant in this lawsuit, it is well settled that judges are protected by absolute immunity for actions taken in their judicial capacity. *See In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002) (citing *Mays v. Sudderth*, 97 F.3d 107, 109-113 (5th Cir. 1996)). Essential policy considerations support this grant of absolute judicial immunity. A judge's role in the judicial system requires that he enjoy the "freedom to determine the law unfettered by the threat of collateral attacks" against him personally. *Mays*, 97 F.3d at 111. "The independence of the judiciary must not be sacrificed one microscopic portion of a millimeter, lest the fears of section 1983 intrusions cow the judge from his duty." *McAlester v. Brown*, 469 F.2d 1280, 1283 (5th Cir.1972). Absolute immunity applies to judicial acts within a judge's jurisdiction in suits brought under 42 U.S.C. §§ 1983 and 1985. *Mays*, 97 F.3d at 111. Moreover, a judge does not lose immunity even if he was in error, took action maliciously, or acted in excess of his authority. *Id.* Rather, he loses immunity only if his act was not a "judicial act" or was "performed in the clear absence of jurisdiction." *Id.*

---

[2] *See Startii v. United States,* 415 F.2d 1115, 1116 (5th Cir.1969); *see also Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

The allegations in Lewis's complaint challenge Judge Duplantier's actions taken in his official capacity as judge when he presided over her trial. In her response to this Court's rule to show cause, Lewis complains that Judge Duplantier told her to "shut up" and refused to allow her to speak in the courtroom during the legal dispute involving her children. [Doc. #4 at p. 1]. She claims that Judge Duplantier violated her parental rights by allowing her children to remain with the "so called predator" and refused to use any evidence at the hearing that she presented to the court. [*Id.* at p. 2]. She maintains that the "agency" did not meet its statutory grounds to remove her children from her custody and that Judge Duplantier was "out of order." [*Id.* at p. 3].

All of these allegations stem from Judge Duplantier's jurisdiction to preside over the legal dispute involving her children. Judge Duplantier is thus entitled to absolute judicial immunity and may not be sued in federal court for his actions. The proper course of action in the underlying dispute would have been an appeal to the state appellate courts, not a filing against Judge Duplantier in federal court. Accordingly,

**IT IS RECOMMENDED** that Lewis's lawsuit be DISMISSED WITHOUT PREJUDICE for failure to state a cognizable claim in federal court on the ground of judicial immunity.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district

judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 20th day of May, 2019.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**